```
UNITED STATES DISTRICT COURT                                            C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
ROSCOE HALPERIN,                                            :
                                                            :
                        Plaintiff,                          :    **MEMORANDUM**
                                                            :    **DECISION AND ORDER**
        -against-                                           :
                                                            :    19-cv-6266 (BMC) (LB)
NEW YORK CITY DEPARTMENT OF                                 :
CORRECTION,                                                 :
                        Defendant.                          :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff Roscoe Halperin, who is currently incarcerated at the Downstate Correctional Facility,[1] brings this *pro se* action against the New York City Department of Correction seeking relief after an incident that occurred while he was held at Rikers Island. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the following reasons, the complaint is hereby dismissed, with leave to file an amended complaint within 20 days.

## BACKGROUND

Plaintiff alleges that he slipped in a puddle of water in the bathroom in the Anna M. Kross Center at Rikers Island on August 6, 2019. After the fall, plaintiff was taken to the hospital, but he claims that he continues to suffer from pain in his shoulder and back. He gets 400 mg of "Gapenin" (perhaps Gabapentin). The complaint seeks "proper medical care along with a settlement."

---

[1] When plaintiff filed the complaint, he was held at the Brooklyn Detention Center. He was then transferred to Downstate. The Clerk of Court is directed to amend plaintiff's address on the docket sheet in light of plaintiff's transfer and assignment of New York State DIN 19A3994. *See* http://nysdoccslookup.doccs.ny.gov.

# DISCUSSION

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Similarly, under the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim alleging deprivation of constitutional rights may be brought pursuant to 42 U.S.C. § 1983. Section 1983 requires that a plaintiff demonstrate that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010). In order to bring a claim pursuant to Section 1983, the plaintiff must show that each of the named defendants was personally involved in the wrongdoing or misconduct complained of. Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). A municipality can be liable under Section 1983 only if the plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). Proof of a single incident of unconstitutional activity is not sufficient to impose

liability on a municipality, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985).

Here, the only named defendant, the New York City Department of Correction ("NYC-DOC"), is an agency of the City of New York. The New York City Charter provides that suits must be brought against the City of New York and not against its individual agencies. N.Y.C. Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007). Accordingly, plaintiff's claims against the NYC-DOC must be dismissed. See McNeil v. City of New York, NYPD, 13-cv-4579, 2013 WL 4761142, at *2 (E.D.N.Y. Sept. 3, 2013) (holding that DOC and other "agencies of the City of New York . . . lack independent legal existence and are not suable entities"); Campbell v. New York City, 12-cv-2179, 2012 WL 3027925, at *2 (E.D.N.Y. July 23, 2013) (dismissing claims against DOC on the ground that it is a non-suable entity).

In this case, plaintiff cannot substitute the City of New York as a defendant, because he does not allege any unconstitutional policy or custom attributable to the City of New York. Thus, plaintiff's § 1983 claim against the NYC-DOC is dismissed for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B)(ii), and the City of New York will not be substituted as a defendant.

Moreover, the allegations in the complaint do not state a claim for a violation of plaintiff's constitutional rights. Plaintiff alleges that he slipped and fell in a puddle of water. He

concedes receiving medical care immediately after the incident and continues to take medication. He now seeks "proper medical care," but he does not describe how his current care is inadequate.

Plaintiff's allegations about injuries caused by water on the floor may suggest a state law claim for negligence, but merely negligent conduct causing unintended injury is not sufficient to state a claim under the Due Process Clause or any other provision of federal law. See Daniels v. Williams, 474 U.S. 327, 332-33 (1986) (due process protections are not triggered by lack of due care by state officials); Davidson v. Cannon, 474 U.S. 344, 347-48 (1986) (although official's negligence led to serious injury, constitution requires no procedure to compensate injury arising from negligence); Brown v. New York City Dep't of Corr., 17-cv-420, 2017 WL 473874, at *2 (E.D.N.Y. Feb. 3, 2017) ("courts have routinely found that allegations of a wet floor that cause a prisoner to slip and fall at most support a finding of simple negligence, and therefore do not reach the level of a constitutional violation required for a § 1983 claim." (citing cases)).

Prisoners and detainees do have constitutionally protected rights to receive humane conditions of confinement, including adequate medical care. Farmer v. Brennan, 511 U.S. 825, 832 (1994). To prevail on an Eighth Amendment claim in the medical treatment context, a prisoner must prove two elements: (1) a deprivation that is "sufficiently serious," i.e., a deprivation that presents a "condition of urgency, one that may produce death, degeneration, or extreme pain," and (2) reckless indifference, that is, "defendants were aware of plaintiff's serious medical needs and consciously disregarded a substantial risk of serious harm." Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). See Weyant v. Okst, 101 F.3d 845, 856 (2d Cir. 1996) (applying the same standard to pretrial detainees under the Fourteenth Amendment). The failure to comply with prescribed treatment can constitute deliberate indifference to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (deliberate indifference to medical

needs can be evidenced by prison officials "intentionally denying or delaying access to medical care or intentionally interfering with … treatment once prescribed.").

To meet this standard, a plaintiff must show that he was "actually deprived of adequate medical care," and that "the inadequacy in medical care is sufficiently serious." Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d Cir. 2006). However, "mere disagreement over the proper treatment" does not create a violation and "negligence, even if it constitutes medical malpractice, does not, without more, engender a constitutional claim." Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998).

In this case, plaintiff has not alleged facts that suggest a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, as applied to state detainees through the Due Process Clause of the Fourteenth Amendment. In fact, his own allegations show that received immediate and continuing medical care. Although he now seeks "proper medical care," he has not indicated how the treatment he received or is receiving is inadequate. Thus, he has failed to plead any facts tending to show reckless indifference or intentional misconduct to his medical needs by an identifiable state employee.

In light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given 20 days leave to file an amended complaint in order to identify the individual or individuals (at Rikers Island, where the incident occurred, and/or at his current facility) whom he believes to have been responsible for the alleged deprivation of his constitutional rights. Even if plaintiff does not know the names of these individuals, he may identify each of them as John Doe Correctional Officer or Jane Doe Medical Officer or the like, and provide identifying information. He then must set forth facts tending to show that such individual or individuals were not only negligent in allowing the condition that caused his accident to occur and/or

responding medically to his injury, but that they were, at least, recklessly indifferent. Moreover to state a claim for deliberate indifference to his serious medical needs, he must also identify the nature of his injuries, describe the treatment he received or should have received, and indicate what was inadequate about his medical care.

## **CONCLUSION**

Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For these reasons, the Court finds plaintiff has failed to state a claim pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly, the complaint is dismissed, with leave to file an amended complaint within 20 days of the date of this order. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this order. If plaintiff fails to file an amended complaint within 20 days, the complaint shall be dismissed and judgment shall be entered. No summons shall be issued at this time, and all further proceedings shall be stayed for 20 days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       November 26, 2019